# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0825V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JEROME DEBELTZ,

        Petitioner,

        v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: June 21, 2019

Entitlement; Decision by Proffer; Damages; Influenza ("Flu") Vaccine; Guillain-Barré syndrome ("GBS").

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Jeffrey T. Sprague*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On June 12, 2018, Petitioner Jerome Debeltz filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving an influenza ("flu") vaccine on October 7, 2016. Petition, ECF No. 1.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On April 19, 2018, Respondent filed a Rule 4(c) Report ("Respondent's Report") in which he conceded that Petitioner is entitled to compensation for his claims. Respondent's Report, ECF No. 14. Specifically, Respondent stated that the medical evidence demonstrates Petitioner has "satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI")." *Id*. at 5. Accordingly, Respondent concluded that Petitioner is entitled to an award of damages, the scope of which is limited to Petitioner's GBS and its related sequelae. *Id*.

In light of Respondent's concession, I issued a Ruling on Entitlement on April 24, 2019. ECF No. 16. I subsequently ordered the parties to inform the Court on their progress towards resolving damages. *See* Damages Order, ECF No. 17.

Respondent filed a proffer on June 21, 2019 (ECF No. 18), agreeing to issue the following payments:
    a. a lump sum payment of **$85,567.78**, for all damages, with $85,000.00 being for pain and suffering and $567.78 for out-of-pocket medical expenses, paid in the form of a check to Petitioner.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $85,567.78, in the form of a check payable to Petitioner, Jerome Debeltz**. The clerk of court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                  **s/ Katherine E. Oler**
                                                  Katherine E. Oler
                                                  Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                    )
JEROME DEBELTZ,                     )
                                    )
    Petitioner,                     )    No. 18-825V   ECF
                                    )
    v.                              )    Special Master Oler
                                    )
SECRETARY OF HEALTH                 )
AND HUMAN SERVICES,                 )
                                    )
    Respondent.                     )
_____)

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.     Procedural History**

On June 12, 2018, Jerome DeBeltz ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleges that, as a result of receiving the influenza vaccine on October 7, 2016, he suffered Guillain-Barre Syndrome (GBS) and chronic inflammatory demyelinating polyneuropathy (CIDP). Petition. On April 19, 2019, respondent filed his Vaccine Rule 4(c) report, conceding GBS as a Table injury. On April 24, 2019, the Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for GBS.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$85,567.78,** for all damages, with $85,000.00 being for pain and suffering, and $567.78 for out-of-pocket medical expenses, paid in the form of a check to petitioner. This

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$85,567.78** in the form of a check payable to petitioner.[2] Petitioner agrees.

                                                Respectfully submitted,

                                                JOSEPH H. HUNT
                                                Assistant Attorney General

                                                C. SALVATORE D'ALESSIO
                                                Acting Director
                                                Torts Branch, Civil Division

                                                CATHARINE E. REEVES
                                                Deputy Director
                                                Torts Branch, Civil Division

                                                ALEXIS B. BABCOCK
                                                Assistant Director
                                                Torts Branch, Civil Division

                                                */s/Jeffrey T. Sprague*
                                                JEFFREY T. SPRAGUE
                                                Trial Attorney
                                                Torts Branch, Civil Division
                                                U. S. Department of Justice
                                                P.O. Box l46, Benjamin Franklin Station
                                                Washington, D.C.  20044-0146
                                                Direct dial: (202) 616-4179
Dated:  June 21, 2019                       Fax: (202) 616-4310

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.