# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0825V
(Unpublished)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JEROME DEBELTZ,                         *
                                        *       Filed: April 24, 2019
               Petitioner,              *       Special Master Oler
                                        *
       v.                               *       Entitlement; Influenza ("Flu") Vaccine
                                        *       Guillain-Barré syndrome ("GBS").
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
               Respondent.              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Jeffrey T. Sprague*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On June 12, 2018, Jerome Debeltz ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccine that he received on October 7, 2016. *See* Petition at 1, ECF No. 1.

In his Rule 4(c) Report, filed on April 19, 2019, Respondent recommends that compensation be awarded in this case. Rule 4(c) Report at 1, ECF No. 14.  Respondent states that the medical evidence demonstrates Petitioner has "satisfied the criteria set forth in the recently revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation

---

[1] Although this ruling is not formally designated for publication, it will be posted nonetheless on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012).  As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the ruling's inclusion of certain kinds of confidential information.  Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").  Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

("QAI")." *Id*. at 5.  Accordingly, Respondent concludes that Petitioner is entitled to an award of damages, the scope of which is limited to Petitioner's GBS and its related sequelae. *Id*.  While the type and amount of damages is to be determined through further proceedings, Respondent requests the following to facilitate a damages determination:

1. the type, level, and cost of care presently provided to petitioner for his GBS;

2. all insurance policies which may cover petitioner's treatment;

3. any local, state, or Federal services or aid provided to petitioner (including, but not limited to Medicaid coverage), and the amount of such services or aid; and

4. any other information, entitlement, or fact that would aid the respondent and the court in assessing petitioner's damages and/or needs with respect to his GBS.

ECF No. 15 at 1.

In light of Respondent's concession, and based on my own review of the record (*see* Section 13(a)(1)), I find that Petitioner is entitled to compensation for his Table GBS injury.  A separate damages order will issue accordingly.

**IT IS SO ORDERED.**

/s/ **Katherine E. Oler**
Katherine E. Oler
Special Master